**FILED**
CLERK, U.S. DISTRICT COURT

1/13/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____dl_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation; | Case No.: 2:16-cv-08647-JAK-RAO |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| AMBROSIA FASHION GROUP, LLC d/b/a MIX NOUVEAU, a New York Limited Liability Company; BURLINGTON STORES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

{10457/609487-000/01638234.1}1
[PROPOSED] ORDER

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1

2      1.      A. <u>PURPOSES AND LIMITATIONS</u>

3

4            Discovery in this action is likely to involve production of confidential,

5      proprietary, or private information for which special protection from public

6      disclosure and from use for any purpose other than prosecuting this litigation may

7      be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

8      enter the following Stipulated Protective Order. The parties acknowledge that this

9      Order does not confer blanket protections on all disclosures or responses to

10     discovery and that the protection it affords from public disclosure and use extends

11     only to the limited information or items that are entitled to confidential treatment

12     under the applicable legal principles.

13

14            <u>B. GOOD CAUSE STATEMENT</u>

15

16            This action is likely to involve trade secrets, customer and pricing lists and

17     other valuable research, development, commercial, financial and/or technical

18     information for which special protection from public disclosure and from use for

19     any purpose other than prosecution of this action is warranted. Such confidential

20     materials and information consist of, among other things, confidential business or

21     financial information, information regarding purchase and sale prices of fabric or

22     garments by suppliers, manufacturers, importers, distributors or fashion retailers,

23     information regarding business practices, information regarding the creation,

24     purchase or sale of graphics used on textiles and garments, or other confidential

25     commercial information (including information implicating privacy rights of third

26     parties), information generally unavailable to the public, or which may be

27     privileged or otherwise protected from disclosure under state of federal rules, court

28

This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

2.1 Action: This pending federal law suit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Information or Items marked as "CONFIDENTIAL" shall not include information that is readily available or publicly accessible at the time it was communicated, and/or publicly disclosed by the designating party.

2.4 "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that either constitute or contain information that a party in good faith believes is competitively sensitive or provides a commercial advantage, including, but not limited to, trade secret or other confidential research, development, financial or other commercial information. *See* Fed. R. Civ. P. 26 (c)(1)(G).

2.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

2.9 House Counsel: attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1  compilations of Protected Material; and (3) any testimony, conversations, or

2  presentations by Parties or their Counsel that might reveal Protected Material.

3      Any use of Protected Material at trial shall be governed by the orders of the

4  trial judge. This Order does not govern the use of Protected Material at trial.

5

6  4.   DURATION

7      Even after final disposition of this litigation, the confidentiality obligations

8  imposed by this Order shall remain in effect until a Designating Party agrees

9  otherwise in writing or a court order otherwise directs. Final disposition shall be

10  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

11  with or without prejudice; and (2) final judgment herein after the completion and

12  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

13  including the time limits for filing any motions or applications for extension of

14  time pursuant to applicable law.

15

16  5.   DESIGNATING PROTECTED MATERIAL

17      5.1 Exercise of Restraint and Care in Designating Material for Protection.

18  Each Party or Non-Party that designates information or items for protection under

19  this Order must take care to limit any such designation to specific material that

20  qualifies under the appropriate standards. The Designating Party must designate for

21  protection only those parts of material, documents, items, or oral or written

22  communications that qualify so that other portions of the material, documents,

23  items, or communications for which protection is not warranted are not swept

24  unjustifiably within the ambit of this Order.

25      Mass, indiscriminate, or routinized designations are prohibited. Designations

26  that are shown to be clearly unjustified or that have been made for an improper

27

28

[PROPOSED] ORDER
This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1   purpose (e.g., to unnecessarily encumber the case development process or to

2   impose unnecessary expenses and burdens on other parties) may expose the

3   Designating Party to sanctions.

4      If it comes to a Designating Party's attention that information or items that it

5   designated for protection do not qualify for protection, that Designating Party must

6   promptly notify all other Parties that it is withdrawing the inapplicable designation.

7      5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in

8   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

9   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10  under this Order must be clearly so designated before the material is disclosed or

11  produced.

12     Designation in conformity with this Order requires:

13        (a) for information in documentary form (e.g., paper or electronic

14  documents, but excluding transcripts of depositions or other pretrial or trial

15  proceedings), that the Producing Party affix at a minimum, the legend

16  "CONFIDENTIAL"or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY"

17  (hereinafter "Confidentiality legend"), to each page that

18  contains protected material. If only a portion or portions of the material on a page

19  qualifies for protection, the Producing Party also must clearly identify the

20  protected portion(s) (e.g., by making appropriate markings in the margins).

21     A Party or Non-Party that makes original documents available for inspection

22  need not designate them for protection until after the inspecting Party has indicated

23  which documents it would like copied and produced. During the inspection and

24  before the designation, all of the material made available for inspection shall be

25  deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES

26  ONLY" as determined by agreement of the Parties.  After the inspecting Party has

27  identified the

28

{10457/609487-000/01638234.1}8
**[PROPOSED] ORDER**
This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidentiality legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1   Scheduling Order.

2       6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

3   resolution process under Local Rule 37.1 et seq.

4       6.3 The burden of persuasion in any such challenge proceeding shall be on

5   the Designating Party. Frivolous challenges, and those made for an improper

6   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

7   parties) may expose the Challenging Party to sanctions. Unless the Designating

8   Party has waived or withdrawn the confidentiality designation, all parties shall

9   continue to afford the material in question the level of protection to which it is

10  entitled under the Producing Party's designation until the Court rules on the

11  challenge.

12

13  7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

14      7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

15  disclosed or produced by another Party or by a Non-Party in connection with this

16  Action only for prosecuting, defending, or attempting to settle this Action, and not

17  for any other purpose or in any other matter. Such Protected Material may be

18  disclosed only to the categories of persons and under the conditions described in

19  this Order. When the Action has been terminated, a Receiving Party must comply

20  with the provisions of section 13 below (FINAL DISPOSITION).

21      Protected Material must be stored and maintained by a Receiving Party at a

22  location and in a secure manner that ensures that access is limited to the persons

23  authorized under this Order.

24      7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

25  otherwise ordered by the court or permitted in writing by the Designating Party, a

26  Receiving Party may disclose any information or item designated

27  "CONFIDENTIAL" only to:

28
**[PROPOSED] ORDER**
This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1       (a) the Receiving Party's Outside Counsel of Record in this Action, as

2   well as employees of said Outside Counsel of Record to whom it is reasonably

3   necessary to disclose the information for this Action;

4       (b) the officers, directors, and employees (including House Counsel) of

5   the Receiving Party to whom disclosure is reasonably necessary for this Action;

6       (c) Experts (as defined in this Order) of the Receiving Party to whom

7   disclosure is reasonably necessary for this Action and who have signed the

8   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9       (d) the court and its personnel;

10       (e) court reporters and their staff;

11       (f) professional jury or trial consultants, mock jurors, and Professional

12   Vendors to whom disclosure is reasonably necessary for this Action and who have

13   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14       (g) the author or recipient of a document containing the information or a

15   custodian or other person who otherwise possessed or knew the information;

16       (h) during their depositions, witnesses, and attorneys for witnesses, in the

17   Action to whom disclosure is reasonably necessary provided: (1) the deposing

18   party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

19   they will not be permitted to keep any confidential information unless they sign the

20   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

21   agreed by the Designating Party or ordered by the court. Pages of transcribed

22   deposition testimony or exhibits to depositions that reveal Protected Material may

23   be separately bound by the court reporter and may not be disclosed to anyone

24   except as permitted under this Stipulated Protective Order; and

25       (i) any mediator or settlement officer, and their supporting personnel,

26   mutually agreed upon by any of the parties engaged in settlement discussions.

27

28

This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1   7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY"</u>
2   <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing
3   by the Designating Party, a Receiving Party may disclose any information or item
4   designated "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" only to:
5   (a) the Receiving Party's Outside Counsel of Record in this Action, as well
6   as employees of said Outside Counsel of Record to whom it is reasonably
7   necessary to disclose the information for this Action;
8   (b) Experts (as defined in this Order) of the Receiving Party to whom
9   disclosure is reasonably necessary for this Action and who have signed the
10  "Acknowledgment and Agreement to Be Bound" (Exhibit A);
11  (c) the court and its personnel;
12  (d) court reporters and their staff;
13  (e) professional jury or trial consultants, mock jurors, and Professional
14  Vendors to whom disclosure is reasonably necessary for this Action and who have
15  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
16  (f) the author or recipient of a document containing the information or a
17  custodian or other person who otherwise possessed or knew the information;
18  (g) during their depositions, witnesses ,and attorneys for witnesses, in the
19  Action to whom disclosure is reasonably necessary provided: (1) the deposing
20  party shall seek consent from the Designating Party prior to disclosure of
21  confidential information, such consent shall not be unreasonably withheld; (2) that
22  the witness sign the form attached as Exhibit A hereto; and (3) they will not be
23  permitted to keep any confidential information, unless otherwise agreed by the
24  Designating Party or ordered by the court. Pages of transcribed deposition
25  testimony or exhibits to depositions that reveal Protected Material may
26  be separately bound by the court reporter and may not be disclosed to anyone
27  except as permitted under this Stipulated Protective Order; and
28

**[PROPOSED] ORDER**
This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the

**[PROPOSED] ORDER**
This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1  court. Absent a court order to the contrary, the Non-Party shall bear the burden and
2  expense of seeking protection in this court of its Protected Material.

3

4  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5          If a Receiving Party learns that, by inadvertence or otherwise, it has
6  disclosed Protected Material to any person or in any circumstance not authorized
7  under this Stipulated Protective Order, the Receiving Party must immediately (a)
8  notify in writing the Designating Party of the unauthorized disclosures, (b) use its
9  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform
10  the person or persons to whom unauthorized disclosures were made of all the terms
11  of this Order, and (d) request such person or persons to execute the
12  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
13  A.

14

15  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
16  PROTECTED MATERIAL

17          If information produced in discovery is subject to a claim of privilege or of
18  protection as trial-preparation material, the party making the claim may notify any
19  party that received the information of the claim and the basis for it. Upon receiving
20  notice, the Receiving Parties must comply with the procedure set forth in Federal
21  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
22  whatever procedure may be established in an e-discovery order that provides for
23  production without prior privilege review. Pursuant to Federal Rule of Evidence
24  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
25  of a communication or information covered by the attorney-client privilege or
26  work product protection, the parties may incorporate their agreement in the
27  stipulated protective order submitted to the court.

28

{10457/609487-000/01638234.1}15

[PROPOSED] ORDER

This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

12.   MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1   returned or destroyed and (2) affirms that the Receiving Party has not retained any

2   copies, abstracts, compilations, summaries or any other format reproducing or

3   capturing any of the Protected Material. Notwithstanding this provision, Counsel

4   are entitled to retain an archival copy of all pleadings, motion papers, trial,

5   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

6   and trial exhibits, expert reports, attorney work product, and consultant and expert

7   work product, even if such materials contain Protected Material. Any such archival

8   copies that contain or constitute Protected Material remain subject to this

9   Protective Order as set forth in Section 4 (DURATION).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{10457/609487-000/01638234.1}17
[PROPOSED] ORDER
This Stipulated Protective Order is substantially based on the model protective
order provided under Magistrate Judge Rozella A. Oliver's Procedures.

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 13, 2017                    */s/ Chan Yong Jeong*
                                                Chan Yong Jeong
                                                Amy J. Choe
                                                Ryan N. Ostrowski
                                                JEONG & LIKENS, L.C.
                                                Attorneys for Plaintiff

Dated: January 13, 2017                    /s/ Peter S. Sloane
                                                Peter S. Sloane
                                                Cameron Reuber
                                                LEASON ELLIS
                                                Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: January 13, 2017

                                         _____

                                         HONORABLE ROZELLA A. OLIVER
                                         United States Magistrate Judge

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ *UNICOLORS, INC. v. AMBROSIA FASHION GROUP, LLC et al., 2:16-cv—08647-JAK-RAO*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] ORDER

This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.